IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF IOWA

| | |
|---|---|
| STEPHEN B. GRANT on behalf of The United States of America and on behalf of the State of Iowa<br><br>    Plaintiff/Relator,<br>v.<br><br>STEVEN K. ZORN, IOWA SLEEP DISORDERS CENTER, P.C., and IOWA CPAP, L.L.C.<br><br>    Defendants. | CASE NO. 4:18-cv-00095-SMR-SBJ<br><br>**PLAINTIFF'S MEMORANDUM OF AUTHORITIES IN SUPPORT OF HIS MOTION UNDER FED. R. CIV. P. 11** |

COMES NOW Plaintiff Relator Stephen B. Grant, by and through the undersigned counsel, pursuant to Local Rule 7, and in support of his Motion Under Fed. R. Civ. P. 11.

### **Introduction**

Counsel for Defendants made a representation to this Court that they could not in good faith file a dispositive motion absent further discovery or depositions. Defendants exacted a material benefit in the extension of an already-passed dispositive motion deadline. Without any of the prerequisites identified by Defendants themselves, Defendants filed a dispositive motion on November 19, 2020. Based on the law of the case formed by Defendants' representations to this Court, that motion was baseless in law and fact. Plaintiff now brings a motion under Rule 11 for sanctions for the baseless filing.

**Legal Standard**

"[T]he central purpose of Rule 11 is to deter baseless filings in district court and thus, consistent with the Rules Enabling Aact's grant of authority, streamline the administration and procedure of the federal courts." *Cooter & Gell v. Hartmarx Corp.*, 496 U.S. 384, 393 (1990). The Eighth Circuit has "repeatedly approved sanctions in cases where [litigants] attempted to evade the clear preclusive effect of earlier judgments." *Meyer v. U.S. Bank Nat'l Ass'n*, 792 F.3d 923, 927 (8th Cir. 2015). In fact, the Eighth Circuit has affirmed sanctions when counsel "could not have believed that his [filing] was brought for a proper purpose or was warranted by existing law." *Landscape Props., Inc. v. Whisenhunt*, 127 F.3d 678, 684 (8th Cir. 1997).

**Analysis**

Here, Defendants' dispositive motion is baseless in fact and law based on the representations made to the Court. Defendants stated a dispositive motion would not be made in good faith absent additional discovery and depositions. *See* Doc. # 44 ¶ 6, at 3; ¶ 8, at 4. This representation to the Court set the law of the case to preclude such a dispositive motion absent discovery or depositions. Neither took place.

Instead, Defendants' pleading constitutes a frivolous pleading. Rule 11 sanctions are routinely granted when a litigant submits a pleading inapposite to a concession by that same party. *See, e.g.*, *Burger King Corp. v. Holder*, 844 F. Supp. 1528, 1531 (S.D. Fla. 1993). The logic relates back to the same underpinnings of the doctrine of judicial estoppel which discourages a party from exacting a benefit in a case, then later taking a contradictory stance in light of the "exigencies of the situation." *See New Hampshire v. Maine*, 532 U.S. 742, 749 (2001). Here, Defendants set the stage for the facts of the case: no discovery or deposition means no dispositive

motion compliant with Rule 11. Then, Defendant violated those facts in a baseless—and therefore frivolous—motion for summary judgment.[1]

## Conclusion

Therefore, Plaintiff respectfully requests this Court grant his Motion for Sanctions Pursuant to Fed. R. Civ. P. 11, and grant reasonable sanctions, or otherwise order the dismissal of Defendants' Motion for Summary Judgment docketed at Doc. # 51 and attachments.

**Certificate of Service**

The undersigned certifies that the foregoing instrument was served upon the parties to this action by serving a copy upon each of the attorneys listed as receiving notice on February 8, 2021, by CM/ECF.

/s/ Adam D. Zenor

Copy to:

Frederick B. Anderson
Brian O. Marty
Brandon M. Bohlman
SCHINDLER, ANDERSON, GOPLERUD, & WEESE, P.C.
5015 Grand Ridge Drive, Suite 100
West Des Moines, Iowa 50265
anderson@sagwlaw.com
marty@sagwlaw.com
bohlman@sagwlaw.com

ATTORNEYS FOR DEFENDANTS

Marc Krickbaum
David Faith
William Purdy
U.S. Attorney
David L.D. Faith, II
Assistant U.S. Attorney
David.faith@usdoj.gov
Bill.Purdy@usdoj.gov

ATTORNEYS FOR UNITED STATES OF AMERICA

THOMAS J. MILLER
Attorney General of Iowa

Tricia Dielemen
Assistant Attorney General
Tricia.dieleman@dia.iowa.gov

ZENOR KUEHNER, P.L.C.

By: /s/ *Adam Zenor*
   Adam Zenor, AT0009698
   111 E. Grand Ave., Ste. 400
   Des Moines, IA 50309
   Phone: 515/650-9005
   Fax: 515/206-2654
   adam@zenorkuehner.com

**ATTORNEY FOR PLAINTIFF/RELATOR STEPHEN B. GRANT**

---

[1] Plaintiff notes that the Second Amended Complaint was filed on October 30, 2020, only insofar as to add Stark Law to the petition. *See* Doc. # 48. As such, the motion for summary judgment as to Stark Law is not frivolous. The remainder is.

ATTORNEYS FOR STATE OF IOWA
ATTORNEYS FOR DEFENDANTS