# ZENOR | KUEHNER

Adam Zenor
Direct Line: 515.650.9010
adam@zenorkuehner.com

December 7, 2020

**SENT VIA EMAIL:** anderson@sagwlaw.com; marty@sagwlaw.com; bohlman@sagwlaw.com

Mr. Frederick B. Anderson
Mr. Brian O. Marty
Mr. Brandon M. Bohlman
5015 Grand Ridge Drive, Ste. 100
West Des Moines, Iowa 50265-5749

>   **RE:** Stephen B. Grant ex rel. United States v. Steven K. Zorn, Iowa Sleep Disorders Center, P.C., and Iowa CPAP, LLC.

Dear Mr. Anderson; Mr. Marty & Mr. Bohlman:

I write pursuant to Federal Rule of Civil Procedure 11 with respect to your recent Motion for Summary Judgment. As you are aware, Rule 11 requires notice in writing prior to filing a motion for sanctions. *See* Fed. R. Civ. P. 11(c)(1). Please accept this correspondence as notice of my intent to move for sanctions.

Rule 11 states, in pertinent part:

> **(b) Representations to the Court**. By presenting to the court a pleading, written motion, or other paper—whether by signing, filing, submitting, or later advocating it—an attorney or unrepresented party certifies that to the best of the person's knowledge, information, and belief, formed after an inquiry reasonable under the circumstances:
> **(1)** it is not being presented for any improper purpose, such as to harass, cause unnecessary delay, or needlessly increase the cost of litigation;
> **(2)** the claims, defenses, and other legal contentions are warranted by existing law or by a nonfrivolous argument for extending, modifying, or reversing existing law or for establishing new law;
> **(3)** the factual contentions have evidentiary support or, if specifically so identified, will likely have evidentiary support after a reasonable opportunity for further investigation or discovery; and
> **(4)** the denials of factual contentions are warranted on the evidence or, if specifically so identified, are reasonable based on belief or a lack of information.

Fed. R. Civ. P. 11(b).

As applied, the filing of Defendants' recent motion for summary judgment implicates, at a minimum, subsections (3) and (4). On September 17, 2020, the dispositive motion deadline elapsed. To that point, no dispositive motion, nor any request for extension of the dispositive motion deadline, had been filed. On September 22, 2020, the parties participated in a telephonic status conference during which counsel for Defendants represented to the Court its intention to extend the already-elapsed dispositive motion deadline. On September 29, 2020, your office filed a motion requesting an extension of the dispositive motion deadline. Your office represented:

> Without depositions or the conclusion of written discovery, Defendants cannot file a dispositive motion that would comply with their Rule 11 obligations.

Doc. # 40 ¶ 11, at 3.

On October 5, 2020, my office resisted the extension. On October 8, 2020, your office filed a reply, wherein you once again made similar representations to the Court:

> Nonetheless, Defendants could not have filed a dispositive motion and complied with their obligations under Fed. R. Civ. P. 11. Defendants presently do not know if any dispositive motions should be filed. The parties are still engaging in written discovery, and no depositions have occurred. Until discovery is complete—or at a minimum, the Parties are deposed—Defendants cannot determine if a dispositive motion is appropriate.

Doc. # 44 ¶ 6, at 3. And later:[F]iling a dispositive motion would not have been in good faith. Doc. # 44 ¶ 8, at 4.

Since you made those representations to the Court, no discovery or depositions took place. The only change came by way of the Second Amended Complaint, *see* Doc. # 48, which merely added Stark Law to the pleading. Yet, on November 19, 2020, your office filed Defendants' Motion for Summary Judgment. *See* Doc. # 51. As such, your representations to the Court were untrue when made because the bases for your motion were already in the record, except for the addition of Stark Law. Accordingly, Defendant's Motion for Summary Judgment should be withdrawn, with the exception of the portion related to Stark Law, or I may need to file a Motion for Sanctions based upon the violation. The Rules require I provide 21 days to remedy the violation. Fed. R. Civ. P. 11(c)(2). Therefore, please do so no later than December 28, 2020, which is 21 days after the date of this letter.

Very truly yours,

Adam Zenor

# ATTACHMENT 1